Bernard S. Meyer, J.
Petitioner in this proceeding is a candidate in the Glen Cove Board of Education election being-held today. He requested that the School Board permit him to choose 20% of the total number of inspectors to be designated; that the School Board permit him to designate two watchers for each school election district; and that the School Board make available to duly registered voters unable to vote in person, the right to vote by absentee ballot. The board denied his requests for absentee voting and for permission to designate inspectors, but advised him that, although the Election Law provisions concerning watchers did not apply to a school district election, he could designate persons who were qualified voters to be present at the various polling places.
Upon argument petitioner contended that section 2607 of the Education Law providing for designation of inspectors of election by the Board of Education was unconstitutional, but offered no reason for his contention. The application must be denied in its entirety: insofar as it seeks permission to designate inspectors of election because no basis has been presented for declaring section 2607 of the Education Law to be unconstitutional; insofar as the request for permission to designate watchers is concerned because the petitioner has been afforded the rights that he requests by the Board of Education; insofar as it seeks to *726 require the institution of absentee voting procedures because there exists no provision of law so authorizing.
Section 2609 of the Education Law provides in subdivision 1 thereof that “ Such elections shall be conducted, so far as maybe, in accordance with the provisions of the election law, relative to general elections, except as otherwise provided herein.” Subdivision 4 of the same section provides: “ All voters entitled to vote who are in the place where the election is held at or before the time of closing the polls shall be allowed to vote.” Since the latter provision appears to require that a voter be personally present, it might well be held that the Election Law absentee ballot provisions are not applicable because the Education Law has “ otherwise provided.” It is unnecessary, however, to rest the decision solely on that point for it will be noted that the provisions of the Election Law govern the conduct of school district elections only “ so far as may be. ’ ’ An examination of the absentee ballot provisions contained in article 5 of the Election Law clearly indicates that the absentee voting provisions were not intended to apply to school district elections. Thus, section 100 of the Election Law speaks of official ballots which must be provided “ at each polling place for every contested primary election and for every election at which public officers are to be elected directly by the people, except that at cm election of school distict officers at which no other public officer is to be elected * * * any form of ballot which may be adopted and used shall be legal.” (Emphasis supplied.) School district elections are thus clearly excluded from the ballot provisions of the Election Law. Further, section 117 of the Election Law covering applications for ballots by absentee voters refers only to a “ general election.” Under section 191 of the Election Law: “ The general election shall be held annually on the Tuesday next succeeding the first Monday in November.” Moreover, section 117 of the Election Law refers to the board of central registration, fixes a time limit for absentee ballot applications inconsistent with the time schedule normally followed in school district elections, and speaks in terms of personal registration, which in many school districts is not required. It is, thus, made clear that the Legislature when it provided in subdivision 1 of section 2609 of the Education Law that school district elections 11 shall be conducted, so far as may be, in accordance with the provisions of the election law ” did not intend to make the absentee ballot provisions of the Election Law applicable to school district elections. The Legislature has the authority under section 2 of article II of the New York Constitution to provide for absentee *727 balloting “ on the occurrence of any election ”. It is for the Legislature, in the exercise of its constitutional authority, rather than this court, to grant the absentee voting rights which petitioner seeks. (See Op. of Counsel, Educ. Dept., No. 55,1952.)
In view of the conclusion reached, it is unnecessary for the court to pass on the contention that petitioner was limited by section 310 of the Education Law to appeal to the Commissioner of Education. The application is in all respects denied.