Joseph M. Catalano Informal Opinion Town Attorney No. 2006-1 Town of Nassau P.O. Box 219 Rensselaer, New York 12144
Mark Greenberg Town Attorney Town of Nassau 4 East Center Street Hudson, New York 12534
Dear Mr. Catalano and Mr. Greenberg:
Your predecessor requested an opinion regarding whether the use of absentee ballots is authorized in an election held on the question of incorporating a new village. He explained that a petition had been submitted for the incorporation of a new village and that the Town therefore may be conducting an election to determine whether the proposed village will be incorporated. He recognized that this Office has previously opined that absentee voting is not authorized in an election to determine the question of incorporation, see 1967 Op. Att'y Gen. (Inf.) 115, but because of the time that has passed since we rendered that opinion, he asked that we consider the question again. As explained more fully below, we are of the opinion that article 2 of the Village Law does not authorize absentee voting in an election to determine the question of incorporation.
I. Background
The procedure by which a village may be incorporated from territory within a town is prescribed by article 2 of the Village Law.[1] A territory with a population of at least 500 may be incorporated as a village as long as the territory does not include part of a pre-existing city or village and meets other area requirements. Village Law § 2-200. A proceeding for the incorporation of a village begins with the circulation of a petition, which must be signed by either (or both) (1) at least 20% of the residents of the territory proposed to incorporate who are qualified to vote for town officers or (2) the owners of more than 50% in assessed valuation of the real property in the territory of the proposed village assessed upon the last completed assessment roll of the town in which the territory is located. Id. § 2-202(1)(a). The signed petition must then be filed with the supervisor of the town within which the territory proposed to be incorporated as a village is located. Id.
§ 22-02(1)(f)(1).
Within 20 days of the filing of the petition, the town supervisor must have posted and published in the newspaper designated by the town as its official newspaper notice of a hearing to be held on the petition. Id. § 2-204. The town supervisor conducts the hearing to determine the sufficiency of the petition, and subsequently makes a decision thereon. Id.
§§ 2-206, 2-208. A town resident may institute an article 78 proceeding to subject the supervisor's decision to judicial review. Id. § 2-210. Upon a determination sustaining the sufficiency of the petition, or if the petition is not challenged within 30 days of the supervisor's decision, an election to determine the question of incorporation will be scheduled to be held within 40 days. Id. § 2-212.
Any resident within the territory proposed to incorporate who is eligible to vote for town officers is eligible to vote in the election on the incorporation question. Id. § 2-216. The election is conducted by the town clerk and the town supervisor.Id. § 2-220(3). Comprising the board of inspectors of election, they possess all the powers conferred by law upon a board of inspectors of election at a town election. Id. § 2-220(3), (4). They are responsible for the canvass of election when the polls are closed. Id. § 2-222. If a majority of the voters within the territory vote for incorporation, then the proposed village will be incorporated.[2] Id. § 2-222(1).
II. Analysis
Section 2 of article 2 of the New York Constitution grants the Legislature the authority,
 by general law, [to] provide a manner in which, and the time and place at which, qualified voters who, on the occurrence of any election, may be absent from the county of their residence . . . and qualified voters who, on the occurrence of any election, may be unable to appear personally at the polling place because of illness or physical disability, may vote and for the return and canvass of their votes.
Article 8 of the Election Law, titled "Conduct of Elections," authorizes absentee voting under the Election Law in "any village election conducted by the board of elections, primary election, special election, general election or New York city community school board district or city of Buffalo school district election." Election Law § 8-400(1). Election Law § 8-400 is not directly applicable to the incorporation election, however, because the voting occurs under the authority of the Village Law rather than the Election Law. Id. ("A qualified voter may vote as an absentee voter under this chapter. . . ."). Indeed, the Election Law as a whole does not directly apply to an election on the incorporation question: Section 1-102 of the Election Law provides that
 [the Election Law] shall govern the conduct of all elections at which voters of the state of New York may cast a ballot for the purpose of electing an individual to any party position or nominating or electing an individual to any federal, state, county, city, town or village office, or deciding any ballot question submitted to all the voters of the state or the voters of any county or city, or deciding any ballot question submitted to the voters of any town or village at the time of a general election.
While an incorporation election might be considered a "ballot question submitted to the voters of a town," id., article 2 of the Village Law clearly prevents an incorporation election from being held at the time of a general election, Village Law § 2-214. Therefore, the Election Law does not directly authorize the use of absentee ballots in an incorporation election.
Article 2 of the Village Law does not specifically authorize absentee ballots. Article 2 does, however, contain two references to the Election Law: section 2-212(1)(c) provides that the "procedure for conducting [the election to determine the question of incorporation] shall be pursuant to the election law," and section 2-220(5) directs that the "provisions of the election law not inconsistent [with the remainder of section 2-220 regarding the conduct of the election] shall apply to such election so far as the same are practicable." The question thus is whether these references in article 2 of the Village Law to the Election Law are sufficient to authorize absentee voting in the election to determine the question of incorporation. We believe that they are not.
A general reference to the Election Law for the conduct of school board elections similar to those contained in article 2 of the Village Law has been held insufficient to authorize absentee voting. See Matter of Savage v. Board of Education,29 Misc. 2d 725 (Sup.Ct. 1961) (Education Law § 2609, providing that school board elections be conducted "so far as may be, in accordance with the provisions of the election law" did not authorize absentee voting). Similarly, we have previously concluded that a general reference to the Election Law is insufficient to show the Legislature's intent to authorize absentee voting. Op. Att'y Gen. (Inf.) No. 83-6 (language in Town Law § 83 that special elections "shall be conducted, the votes canvassed, and the results certified and returned so far as practicable in the manner prescribed by [the Election Law]" was not incorporation of authority of Election Law § 8-400 regarding absentee voting).
Our conclusion that absentee voting is not authorized in an incorporation election is supported by the fact that the Legislature has repeatedly expressed its intent to authorize absentee voting in particular types of elections using direct and specific language. See, e.g., Town Law § 84-a(1) ("Absentee ballots shall be provided for all special town elections for which personal registration is required"); id. § 175-b(1) ("The board of fire commissioners of any fire district in which officers are elected, may, by resolution, provide for absentee ballots for fire district elections, in accordance with the provisions of this section"); id. § 213-b(1) ("The board of commissioners of any improvement district in which commissioners are elected, may, by resolution, provide for absentee ballots for the election of the commission, in accordance with the provisions of this section"); Election Law § 15-120 ("A qualified elector of a village may vote as an absentee voter . . . [in] a general or special village election. . . ."); id. § 8-400(1) ("A qualified voter may vote as an absentee voter . . . [in] any village election conducted by the board of elections, primary election, special election, general election or New York city community school board district or city of Buffalo school district election. . . ."). Even where the Legislature has referred to another statute to provide the procedure for using absentee ballots, the authority to use absentee ballots in a particular type of election has been express. See, e.g., Education Law § 1803 (absentee ballots required at certain central school district meetings, to be used according to Education Law §§ 2018-a or 2018-b); id. § 2613 (absentee ballots required at certain small city school district elections in accordance with Education Law § 2018-a). The lack of such express language in article 2 of the Village Law, when compared to the explicit language in other provisions, indicates that absentee voting is not authorized in an incorporation election.
We see no reason to read the general references to the Election Law in article 2 of the Village Law as authority for absentee voting in an incorporation election when the Legislature has spoken clearly and directly with respect to absentee voting in many other contexts.[3] In the absence of specific authority to conduct absentee voting in Village Law article 2, and consistent with our conclusion in 1967 Op. Att'y Gen. (Inf.) 115, we are of the opinion that it is not authorized in an incorporation election conducted pursuant to article 2. We recognize that the inability to use absentee ballots in an incorporation election may adversely affect those who will not be present; that, however, is an issue that must be addressed by the Legislature.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
[1] Because this proposed incorporation would include territory located only in one town, we will limit our discussion of the procedure to that required if the territory lies within one town.
[2] The validity and regularity of the election may be subject to judicial review. Village Law § 2-224.
[3] We think it plausible that in 1964 and 1972, when the Legislature adopted the language in the predecessors to Village Law §§ 2-220(5) and 2-212(1)(c) referring to the Election Law with respect to the "conduct" of the incorporation election, the Legislature was contemplating article 8 of the Election Law. At that time, article 8, then as now titled "Conduct of Elections," provided for such matters as the preparations for opening the polls, the division of labor among the election inspectors on election day, and where voters were to stand while waiting to vote, but did not provide authority to use absentee ballots; that authority was then included in article 5 of the Election Law. Election Law (McKinney 1964 Supp. 1977-78).